IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN BENITO RODRIGUEZ LAGOS, | § § § | |
| *Petitioner*, | § § | No. 1:26-CV-01117-DAE |
| v. | § § | |
| WARDEN, *et al*., | § § § | |
| *Respondents*. | § | |

## ORDER

Before the Court is Petitioner Juan Benito Rodriguez Lagos'

("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt.

# 1). The Court finds this matter suitable for disposition without a hearing. After

careful consideration of the parties' briefings and the relevant law, the Court

**GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that

follow.

## FACTUAL BACKGROUND

Petitioner Rodriguez Lagos is a citizen of Honduras who is currently

being detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at

3, 6.) Around July 2022, Petitioner entered the United States without inspection.

(Id. at 6.) Since then, he has resided continuously in the United States. (Dkt. # 7 at

2.)

1

In his nearly four years in the country, Petitioner has built a life here. (Dkts. 1 at 6; 7 at 2.)  Prior to his recent detention, Petitioner lived with his wife in Killeen, Texas.  (Dkt. # 7 at 2.)  Petitioner and his wife are currently expecting a child.  (Id.)  Petitioner also worked as a roofer and has sought an Individual Taxpayer Identification Number ("ITIN").  (Id.; Dkt. # 1 at 6.)  Petitioner represents that he will file an application for asylum and withholding of removal at his next master calendar hearing.  (Dkt. # 7 at 2.)  He has no criminal convictions. (Id. at 1.)

On April 6, 2026, Petitioner was encountered by immigration authorities following a traffic stop for a burnt-out taillight.  (Dkts. ## 1 at 6; 5 at 4.) Petitioner was subsequently transferred to the T. Don Hutto Detention Center where he remains detained without the opportunity for a bond hearing.  (See id.)

PROCEDURAL HISTORY

On April 30, 2026, Petitioner filed his habeas petition.  (Dkt. # 1.)  On May 1, 2026, this Court ordered Respondents Warden, T. Don Hutto Detention Center; Miguel Vergara, Field Office Director San Antonio Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Director of U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); DHS; and Todd Blanche, United States Attorney General (collectively, "Respondents") to show cause within three

2

days as to why the petition should not be granted.  (Dkt. # 3.)  Respondents Miguel

Vergara, Todd M. Lyons, Markwayne Mullin, DHS, and Todd Blanche (herein,

"Federal Respondents")[1] timely filed a response to the Petition on May 4, 2026.

(Dkt. # 5.)  Petitioner filed a supplemental brief on May 12, 2026, in response to

the Court's request.  (Dkt. # 7.)

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in

custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is

being held contrary to law; and because the habeas proceeding is civil in nature,

the petitioner must satisfy his burden of proof by a preponderance of the

evidence."  Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D.

Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court

considering a habeas petition must 'determine the facts, and dispose of the matter

as law and justice require.'"  Id. (quoting 28 U.S.C. § 2243).

---

[1] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

## DISCUSSION

In his Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA"). (Dkt. # 1 at 8–13.)

## I.    Subject Matter Jurisdiction

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders. Campuzano v. Noem, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); Fabian-Granados v. Bondi, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); Silva v. Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026). The Court also finds that, to the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile." See Lorenzo C. P., v. Noem, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025); (Dkt. # 6 at 1 (asserting that Petitioner is ineligible for bond before an immigration judge)).

4

II.    The Merits of the Petition for Writ of Habeas Corpus

Having concluded that it has jurisdiction over Petitioner's claims, the Court turns to the merits of Petitioner's habeas petition. Because the Court finds that Petitioner's detention violates his right to procedural due process under the Fifth Amendment of the United States Constitution, it does not reach Petitioner's other bases for relief.[2] The Court's analysis proceeds in two steps: first, the Court will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

First, the Court concludes that Petitioner is entitled to due process protections. The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law."

---

[2] To the extent Federal Respondents argue that the Fifth Circuit's recent decision in Buenrostro-Mendez v. Bondi, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), prevents this Court's review of the Petitioner's due process claims, the Court, like other courts that have considered the question, finds such an argument unpersuasive. See Valencia Reyes v. Noem, et al., No. SA-25-CA-01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases). Indeed, the Fifth Circuit's decision was limited only to that petitioner's statutory interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment. See Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

U.S. CONST. amend. V.  This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025);  Demore v. Kim, 538 U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).  Petitioner's case does not materially differ from those that this Court has recently considered and determined that procedural due process protections apply.  See Gomez-Gonzalez v. Vergara, No. 5:26-CV-598-DAE, 2026 WL 594364 (W.D. Tex. Feb. 27, 2026); Acosta Espana v. Ortega, No. 1:26-CV-00300-DAE, 2026 WL 594362 (W.D. Tex. Mar. 2, 2026); Guzman Sanchez v. Bondi, No. 1:26-CV-00379-DAE, 2026 WL 594365 (W.D. Tex. Feb. 27, 2026); JAIRO ENRIQUE RAGA ALEMAN, Petitioner, v. HOMAN, et al., Respondents. Additional Party Names: Beatriz Adriana Aleman Lopez, No. 1:26-CV-00529-DAE, 2026 WL 752450 (W.D. Tex. Mar. 16, 2026).  Accordingly, for the reasons described in the Court's prior orders, Petitioner may bring a procedural due process claim.

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious.  "The fundamental requirement of due process is the opportunity to be

heard 'at a meaningful time and in a meaningful manner.'"  Mathews, 424 U.S. at

333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).  "To determine

whether a civil detention violates a detainee's due process rights, courts apply the

three-part test set forth in Mathews[.]"  Martinez v. Noem, No. 5:25-cv-1007-JKP,

2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025).  Those factors are: (1) "the

private interest that will be affected by the official action"; (2) "the risk of an

erroneous deprivation of such interest through the procedures used, and the

probable value, if any, of additional or substitute procedural safeguards"; and (3)

"the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement

would entail." Mathews, 424 U.S. at 335.

The first factor weighs heavily in Petitioner's favor.  "'The interest in

being free from physical detention' is 'the most elemental of liberty interests.'"

Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting

Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)).  In this case, Petitioner lived his

life in the United States for almost four years prior to his recent detention.  "The

Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm,

and detention prior to trial or without trial is the carefully limited exception.'"

Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v.

Salerno, 481 U.S. 739, 755 (1987)).  This interest "deserves great weight and

gravity" and thus weighs heavily in Petitioner's favor.  See Vieira, 806 F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks."  Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  Here, there is a high risk of erroneous deprivation of Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention.  See Vieira, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty . . .").  There would be significant value added by additional safeguards, such as a bond hearing or pre-detention notice, that would reduce the likelihood of an erroneous loss of liberty.  Thus, this factor also weighs in Petitioner's favor.

The third factor is the Government's interest.  See Mathews, 424 U.S. at 335.  The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community." Lopez-Arevelo, 801 F.Supp.3d at 686–87.  But such an interest could be adequately protected through individualized bond hearings—process that the Government finds unnecessary.  As another court in this District stated:

8

"Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability. Instead, they only maintain that due process does not require it." Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026). Accordingly, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

I.    Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release." See Munaf v. Geren, 553 U.S. 674, 693 (2008). Further, ordering a bond hearing under these circumstances would require the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025). The Court instead finds that the more appropriate remedy here is release. See Azua-Zuniga v. Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes, No. SA-25-CA-

9

01921-XR, Dkt. # 7, at 25 (same); <u>Longoria Mendoza</u>, No. 5:26-CV-0728-JKP,

Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no

substitute for the requirement that ICE engage in a 'deliberative process prior to, or

contemporaneous with,' the initial decision to strip a person of the freedom that lies

at the heart of the Due Process Clause." <u>Cruz-Reyes v. Bondi</u>, No. 5:26-cv-60,

2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting <u>Gonzalez v. Joyce</u>, No.

25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)).  "The suggestion that

government agents may sweep up any person they wish without consideration of

dangerousness or flight risk, so long as the person will, at some unknown future

date, be allowed to ask some other official for his or her release, offends the

ordered system of liberty that is the pillar of the Fifth Amendment." <u>Gonzalez</u>,

2025 WL 2961626, at *5.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for

Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Juan Benito Rodriguez Lagos from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on May 15, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (luisgutierrezlaw@gmail.com) of the exact location and exact time of

10

Petitioner's release as soon as practicable and **no less than two hours before his release**.

3.  Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties.  At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4.  The parties shall **FILE** individual status reports no later than **6:00 p.m. May 18, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 13, 2026.

_____
David Alan Ezra
Senior United States District Judge

11